■ In the Matter of the Claim of ANGELIQUE A. SCOTT, Appellant. NEW YORK CITY DEPARTMENT OF PERSONNEL, Respondent; COMMISSIONER OF LABOR, Respondent. [697 NYS2d 195] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 16, 1999, which, upon reconsideration, adhered to its prior decision ruling, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

After rendering a decision approving claimant's application for unemployment insurance benefits, the Administrative Law Judge (hereinafter ALJ) granted the employer's request to reopen the decision. Thereafter, the ALJ reversed the initial decision and ruled that claimant lost her employment due to disqualifying misconduct. The Unemployment Insurance Appeal Board subsequently affirmed. Claimant now contends that the ALJ abused his discretion in reopening the initial decision. We disagree. The record reveals that the employer failed to appear at the initial hearing because it was conducting departmental proceedings against claimant and could not appear until the proceedings were complete. Although claimant contends that the employer's request for reopening was made after the time to appeal, the employer had a reasonable time within which to make its application and there is no statutory provision requiring the employer to move to reopen within a particular time period (see, Matter of Haberstroh [Commissioner of Labor], 251 AD2d 932; Matter of McDermott [Sweeney], 231 AD2d 771). Under these circumstances, we find no abuse of discretion by the ALJ in reopening the decision (see, 12 NYCRR 461.8; Matter of Kline [Entenmann's—Sweeney], 239 AD2d 780, lv denied 90 NY2d 807). Although not raised by claimant, we find substantial evidence to support the Board's decision that claimant's conduct of applying for credit cards in the name of fellow employees amounted to disqualifying misconduct (see, e.g., Matter of Dendy [Hartnett], 172 AD2d 936).

Cardona, P. J., Mercure, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.